UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID LEE NEELEY,**
        **Petitioner,**                           **Case No. 1:02-CV-00520**
                                               **Judge Weber**
**v**                                                       **Magistrate Judge Black**

**HARRY RUSSELL,**
        **Respondent.**

## MOTION FOR RELIEF FROM JUDGMENT

Petitioner, David Lee Neeley, pursuant to Civ.R. 60(b)(6), respectfully requests that the Court issue an ORDER relieving Petitioner the Clerk's Judgment (Doc. No. 25) entered in this action on March 24, 2005 for the reasons set forth in the accompanying memorandum and attached affidavit.

                                                                 s/Keith A. Yeazel
                                                                  _____
                                                                   Keith A. Yeazel (0041274)
                                                                   65 South Fifth Street
                                                                   Columbus, Ohio 43215
                                                                   (614) 228-7005
                                                                   Yeazel@Netwalk.com
                                                                   Trial Attorney for Petitioner

## MEMORANDUM IN SUPPORT

On March 20, 2005, final judgment was entered against Petitioner in this matter. (Doc. No. 25). Petitioner is seeking an Order relieving him from that final judgment and requests that the Court subsequently re-enter judgment so that he can timely file an appeal.

Rule 60(b) of the Federal Rules of Civil Procedure permits a Court to relieve a party from a final judgment under certain circumstances. Rule 60(b)(6) permits reopening when the movant establishes "any other reason justifying relief from the operation of the judgment." As is relevant here Petitioner seeks relief from judgment due to his prior counsel's "inexcusable neglect" in failing to timely file a notice of appeal. See, <u>Fuller v. Quire</u>, 916 F.2d 358, 361 (CA6 1990)( the district court properly granted a Rule 60 (b)(6) motion for "inexcusable neglect" where the petitioner's attorney defaulted the petitioner's civil case by failing to appear at docket call and where the attorney admitted he had no cause for his negligence).

In this case, prior counsel failed to timely file objections to the Magistrate Judge's Report and Recommendation issued on November 23, 2004. (See, Affidavit of Luis De Los Santos, ¶ 2). Prior counsel also failed to institute a timely appeal on Mr. Neely's behalf regarding the Clerk's Judgment rendered on

2

March 24, 2005. (See, Affidavit of Luis De Los Santos, ¶ 3). Prior counsel never notified Neeley that judgment had been rendered against him. (See, Affidavit of Luis De Los Santos, ¶ 3). The reason prior counsel failed to protect Mr. Neeley's interests in this case was that fact that prior counsel was and is suffering from anxiety and depression which adversely affect his work performance. (See, Affidavit of Luis De Los Santos, ¶ ¶ 4 & 6).

Petitioner is aware that, in certain circumstances, Rule 60 (b) motions are subject to that additional restrictions that apply to "second or successive" habeas corpus petitions under AEDPA. <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641 (2005). However, as outlined below this Rule 60 (b) motion does not qualify as a second or successive habeas petition. In <u>Gonzalez</u>, the Supreme Court outlined the following test to determine whether a Rule 60(b) motion is to be considered a habeas corpus application so as to come within the purview of a "second or successive" petition under 28 U.S.C.§ 2244:

> For purposes of § 2244(b), an application for habeas relief is a filing that contains one or more "claims." . . . . In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also said to bring a claim if it attacks the federal court's previous resolution of the claim *on the merits*, since alleging the court erred in denying habeas relief is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes,

3

entitled to habeas relief.  This is not the case,  however, when a Rule 60 (b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 (2005). The Supreme Court observed that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Id.

Here, petitioner is not seeking to add a new ground for relief from the state conviction.  This motion is not attacking the district court's previous resolution of the petitioner's claims on the merits.  Nor does this motion substantively address federal grounds for setting aside Neeley's convictions.  Likewise, the Clerk's Judgment (Doc. No. 25) does not substantively address federal grounds for setting aside the convictions.  Instead, Petitioner is merely asking that the Court to vacate and re-enter judgment so that he can avail himself of his right to appeal.  Thus, Gonzalez does not provide the rule of decision in this matter.  Under such circumstances allowing this motion to proceed does no harm to habeas statutes or rules.

Prior counsel violated that portion of the Socratic oath ("first do no harm")

contained in Ohio DR 6-101 by failing to act competently. Due to prior counsel's neglect, no notice of appeal was timely filed to preserve Petitioner's right to an appeal. Under such circumstances, the Court should not make the client (petitioner) pay for the neglect of his prior counsel. Instead the Court should adhere to the principle that cases should be decided on their merits.

Wherefore, Petitioner respectfully requests that the Court issue an ORDER relieving Petitioner from the Clerk's Judgment (Doc. No. 25) entered in this action on March 24, 2005 and re-entering judgment so that Neeley may file a timely notice of appeal.

Respectfully submitted,

s/Keith A. Yeazel

_____
Keith A. Yeazel         (0041274)
65 South Fifth Street
Columbus, Ohio 43215
(614) 228-7005
Yeazel@netwalk.com
Trial Attorney for Petitioner

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon:

Norman E. Plate
Assistant Attorney General

Corrections Litigation
150 East Gay Street
16th Floor
Columbus, Ohio 43215

by utilizing the Court's CM/ECF system this 3rd day of November, 2005.

                                                            s/Keith A. Yeazel

                                                            _____

                                                            Keith A. Yeazel