**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| David L. Neeley, | : | |
| Petitioner, | : | Case No. C1-02-520 |
| v. | : | Judge Weber |
| Harry Russell, Warden, | : | Magistrate Judge Black |
| Respondent. | : | |

## RESPONDENT RUSSELL'S RESPONSE TO
## NEELEY MOTION FOR RELIEF FROM JUDGMENT

### I.    *Introduction*

It is undisputed that neither Neeley, nor Neeley's former counsel, timely appealed the dismissal of this action nor deemed the Magistrate Judge's Report objectionable. Now, over seven (7) months subsequent to the dismissal of this case, and one (1) year after the promulgation of a Magistrate Judge's Report that recommended the dismissal of his petition, Neeley has filed a Motion for Relief for Judgment that seems to be entirely predicated upon "inexcusable neglect" by his former counsel. **Nowhere in his motion does Neeley offer any explanation for his own absolute failure to monitor the status of this action.**

Neeley's motion should be denied for reasons to follow.

### II.    *Argument*

Neeley's request that this Court reopen this action is based upon alleged inaction by his former counsel. Thus, like the petitioner in *Johnson v. United*

*States,* 125 S.Ct. 1571, 1580 (2005), Neeley apparently believes that this Court is required to reopen this case "no matter how long he may have slumbered before [attempting to reopen this] proceeding." In the absence of **any** showing of due diligence or excusable neglect on the part of **Neeley**, coupled with the fact that as a habeas petitioner Neeley had **no right whatsoever** to the effective assistance of counsel, Neeley's motion for relief from judgment must be denied.

Although Neeley's motion for relief from judgment is entirely predicated upon the alleged failings of Neeley's former counsel, the Sixth Amendment right to counsel simply does not apply to habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). In *Finley*, the Court cited *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974) for the holding that there is no constitutional right to counsel in state collateral proceedings after exhaustion of direct appellate review. The Court reasoned that, because the State has no obligation to provide post-conviction review, due process does not require the appointment of counsel in such proceedings. The Court also noted that the prisoner's equal protection guarantee of meaningful access to the courts was not violated, because the prisoner had been represented by counsel at trial and had been provided with the necessary legal tools to pursue his claim on direct appeal. *See also, Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Because the Court based its decision in *Finley* on the fact that the Sixth Amendment does not apply to discretionary appeals, its holding necessitates a conclusion that prisoners do not have a constitutional right to counsel in federal habeas corpus proceedings. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th

Cir. 2002) [no constitutional right to counsel exists in federal habeas proceedings]; *McKethan v. Mantello*, 292 F.3d 119, 123 (2nd Cir. 2002); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003); *Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003); *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *Gates v. Woodford*, 334 F.3d 803, 810 (9th Cir. 2003); *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001); *McGriff v. Dep't. of Corr.,* 338 F.3d 1231, 1235 (11th Cir. 2003).

Similarly, in the context of conducting an AEDPA statute of limitations equitable tolling analysis, the Sixth Circuit has focused on the diligence exercised by petitioner rather than the alleged neglect of counsel. For example, in *Elliott v. Dewitt*, 10 Fed. Appx. 311 (2001) (Exhibit A), the Sixth Circuit held that an attorney's failure to notify petitioner of the state appellate court's decision which resulted in a missed filing deadline was **not** a basis for equitable tolling. In so ruling the Sixth Circuit emphasized that it was **the responsibility of the Petitioner** to monitor the status of his appeal and diligently pursue relief. Similarly, in *Jurado v. Burt,* 337 F.3d 638 (6th Cir. 2003), a petitioner was held not to have been diligent despite being given erroneous and unreasonable advice by defense counsel. *See also, Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (Exhibit B) [petitioner has an affirmative "duty to monitor the status of his appeal."]

As reflected by Neeley's motion for relief from judgment, Neeley has not exercised anything approaching due diligence or excusable neglect. Certainly there were no circumstances beyond Neeley's control that prevented him from

3

monitoring the status of this habeas corpus litigation. Since Neeley cannot show that his failure to submit a single pleading to this Court in the year subsequent to the Magistrate Judge's Report was consequence of Neeley's "excusable neglect," Neeley's motion for relief from judgment should be denied.

Respondent finally notes in passing that a granting of Neeley's request for an Order that would allow him to "file a notice of appeal" would **not** result in a merits consideration of Neeley's claims. This is so because in *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), the Sixth Circuit promulgated the rule that a party's failure to file a timely objection to a Magistrate Judge's Report and Recommendation forecloses a later appeal on said issue. Thereafter, in *Thomas v. Arn,* 474 U.S.140 (1985), the United States Supreme Court specifically upheld the *Walters* rule and approvingly noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from sandbagging the district judge by failing to object and then appealing." *Id.* at 147-148.

Here, Neeley failed to file any objections to the Magistrate Judge's Report and Recommendation. In the absence of such objections, the Sixth Circuit would be required by *Walters* to hold that Neeley had forfeited his right to appeal the dismissal of his petition. *See e.g., Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Wilson v. McMackin,* 786 F.2d 216, 220 (6th Cir. 1986). Thus assuming *arguendo,* that this Court were to grant Neeley's request for relief from judgment the appeal, the proper relief would be to require Neeley to file objections to the Magistate Judge's Report rather than grant him an appeal to the Sixth Circuit.

4

III.   **Conclusion**

For the foregoing reasons this Court should deny Neeley's motion for relief from judgment.

Respectfully submitted,

Jim Petro  (0022096)
Attorney General

/s/ Stuart A. Cole
Stuart A. Cole   (0020237)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay St., 16th Floor
Columbus, Ohio  43215
614/644-7233
614/728-9327 – Fax
scole@ag.state.oh.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Response to Neeley Motion for Relief from Judgment* was sent via electronic mail to Keith A. Yeazel, Esq., 65 S. Fifth St., Columbus, Ohio 43215 on this 9th day of November, 2005.

/s/ Stuart A. Cole
Stuart A. Cole    (0020237)
Assistant Attorney General

5

LEXSEE 2001 U.S. APP. LEXIS 9390

**JOSEPH ELLIOTT, Petitioner-Appellant, v. DON DEWITT, Respondent-Appellee.**

**No. 00-3329**

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

*10 Fed. Appx. 311; 2001 U.S. App. LEXIS 9390*

**May 8, 2001, Filed**

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Southern District of Ohio. 99-00550. Beckwith. 03-06-00.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed an order of the United States District Court for the Southern District of Ohio, which denied his petition for a writ of habeas corpus. The district court granted defendant a partial certificate of appealability on the issue of the statute of limitations.

**OVERVIEW:** The district court held that defendant's first three claims were barred by the one-year statute of limitations, set out in *28 U.S.C.S. § 2244*(d)(1), and that the record refuted the fourth claim. On appeal, defendant restated the claims from his petition and argued that a DNA test showed that he was actually innocent of the crimes for which he was convicted. Upon review, the court held that the district court properly held that defendant's petition was barred by the statute of limitations. Defendant's post-conviction petition, filed in November 1996, tolled the statute of limitations until his appeal in that action was dismissed on May 27, 1997.

Thus, his June 1999 federal habeas petition was more than one year late. The court also held that none of defendant's other state court challenges to his conviction rendered his federal habeas petition timely. Furthermore, the district court did not abuse its discretion when it declined to equitably toll the statute of limitations. Lastly, defendant did not raise his DNA claim in his federal habeas petition, and, therefore, could not rely on it as a way around the statute of limitations.

**OUTCOME:** District court's order was affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** JOSEPH ELLIOTT, Petitioner - Appellant, Pro se, Lebanon, OH.

For DON DEWITT, Respondent - Appellee: Katherine E. Pridemore, Office of the Attorney General, Cincinnati, OH.

**JUDGES:** Before: JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge. *

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

**OPINION:**

[*312] ORDER

Joseph Elliott, an Ohio prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus. *See 28 U.S.C. § 2254.* The district court granted Elliott a partial certificate of appealability. This case has been referred to a panel of the court

EXHIBIT
A

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, [**2] this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

In 1996, a jury convicted Elliott of two counts of rape and two counts of burglary. He was sentenced to consecutive terms of eight to twenty-five years of imprisonment. The Ohio Court of Appeals affirmed the convictions and sentences in December 1996. Elliott filed an unsuccessful petition for post-conviction relief in November 1996. The court of appeals dismissed his appeal from that action in May 1997. Elliott filed a motion for post-trial DNA testing in the trial court in March 1997, and filed a motion in the Ohio Supreme Court to reopen his direct appeal in September 1999. He filed his present petition in June 1999, raising four claims. The district court held that Elliott's first three claims were barred by the one-year statute of limitations, *see 28 U.S.C. § 2244*(d)(1), and that the record refuted the fourth claim. The district court denied the petition but granted a certificate of appealability on the issue of the statute of limitations.

In his timely appeal, Elliott restates the claims from his petition and argues that the DNA test shows that he is actually innocent [**3] of the crimes for which he was convicted.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea, 179 F.3d 412, 416 (6th Cir. 1999)*.

Upon review, we conclude that the district court properly held that Elliott's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Elliott filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy, 521 U.S. 320, 326, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999), cert. denied, 530 U.S. 1229, 120 S. Ct. 2658, 147 L. Ed. 2d 273 (2000)*. The AEDPA contains [*313] a one year statute of limitations. *28 U.S.C. § 2244*(d)(1). Elliott's conviction became final in February 1997, when time expired for him to seek further direct review under Ohio law. *See Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio; 28 U.S.C. § 2244* [**4] *(d)(1)(A); Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999), cert. denied, 530 U.S. 1210, 120 S. Ct. 2211, 147 L. Ed. 2d 244 (2000)*. Elliott's post-conviction petition, filed in November 1996, tolled the statute of limitations until his appeal in that action was dismissed on May 27, 1997.

*See § 2244*(d)(2). Thus, his June 1999 federal habeas petition was more than one year late.

None of Elliott's other state court challenges to his conviction render his federal habeas petition timely. Elliott's March 1997 motion for DNA testing did not toll the statute of limitations because it did not address any of the grounds of his federal habeas petition in question. *See Austin, 200 F.3d at 394-95*. Elliott's September 1999 motion to reopen his direct appeal, filed after the statute of limitations had run, cannot save Elliott's habeas petition either. Even if that motion were considered part of Elliott's direct appeal under *§ 2244*(d)(1)(A), *see Bronaugh v. Ohio, 235 F.3d 280, 286 (6th Cir. 2000)*, the statute of limitations could be tolled only for the three months during which Elliott's motion was pending. Elliott's petition [**5] was more than a year late.

We also conclude that the district court did not abuse its discretion when the court declined to equitably toll the statute of limitations. *See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)*. Elliott alleged that neither the clerk of the Ohio Court of Appeals nor his attorney notified him of the court's decision to affirm his convictions in time for him to appeal to the Ohio Supreme Court. However, the court of appeals' docket sheet indicates that the decision was sent to all parties of record, including Elliott's counsel. Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)*. Finally, Elliott failed to monitor the status of his appeal and diligently pursue § 2254 relief. *See Coleman, 184 F.3d at 403; Miller, 141 F.3d at 978*. [**6] Accordingly, equitable tolling was not appropriate.

Elliott's reliance on actual innocence as an exception to the AEDPA's statute of limitations is misplaced. Whether or not there is such an exception, Elliott did not raise his DNA claim in his federal habeas petition and therefore cannot rely on it as a way around the statute of limitations. *See Austin, 200 F.3d at 394*. On appeal, Elliott has submitted copies of a DNA test. These documents are not part of the district court record and cannot be considered by this court on appeal. *See Fed. R. App. P. 10(a); United States v. Bonds, 12 F.3d 540, 552 (6th Cir. 1993)*. In any event, the DNA test did not establish Elliott's innocence in light of the other evidence linking him to the crime.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

LEXSEE 20 FED. APPX. 373

**ERNEST BROWN, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.**

**No. 01-1481**

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

*20 Fed. Appx. 373; 2001 U.S. App. LEXIS 20939*

**September 21, 2001, Filed**

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Eastern District of Michigan. 99-75266. Cohn. 01-13-00.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant pro se federal prisoner appealed from an order of the United States District Court for the Eastern District of Michigan, which denied his *28 U.S.C.S. § 2255* motion.

**OVERVIEW:** The district court denied the inmate's *28 U.S.C.S. § 2255* motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. In his timely appeal, the inmate argued: (1) that equitable tolling applied, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. On appeal, the court held that the motion was untimely. The inmate's 90 days in transit after his sentencing hearing did not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, and the inmate offered no explanation for his failure to file during this period. Finally, to the extent that the inmate claimed that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this did not qualify for equitable tolling because the inmate failed in his duty to monitor the status of his appeal. The court refused to rule on the remaining issues.

**OUTCOME:** Judgment was affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** ERNEST BROWN, Petitioner - Appellant, Pro se, Bradford, PA.

For UNITED STATES OF AMERICA, Respondent - Appellee: Janice V. Terbush, Office of the U.S. Attorney, Detroit, MI.

**JUDGES:** Before: KENNEDY, GUY, and BOGGS, Circuit Judges.

**OPINION:** [*373]

ORDER

Pro se federal prisoner Ernest Brown appeals a district court order that denied his *28 U.S.C. § 2255* motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *Fed. R. App. P. 34(a)*.

Brown pleaded guilty to a charge of distribution of cocaine base. In a judgment entered on June 2, 1998, the district court sentenced Brown to 108 months of imprisonment to be followed by four years of supervised release. Brown did not [**2] take a direct appeal.

**EXHIBIT**

B

On October 27, 1999, Brown filed the instant § 2255 motion, claiming: (1) that defense counsel was ineffective in failing to file a notice of appeal after Brown asked him to challenge the district court's determination that he was not a minor participant; (2) that the district court erred by concluding that he was not a minor participant; and (3) that the one-year limitations period of § 2255 is subject to equitable tolling in this case because--(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was "in transit" to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls.

[*374] The district court denied Brown's § 2255 motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. Brown thereafter moved the district court to issue a certificate of appealability. In response, the district court filed an order stating:

> Petitioner is entitled to a certificate of appealability on his claim that his counsel was ineffective for failing to file a notice [**3] of appeal and that he was entitled to an evidentiary hearing on the conflict between his assertion that he directed counsel to appeal and counsel's statement that he was not so instructed. Petitioner is also entitled to appellate review of his claim that the one year period of limitations was equitably tolled in the circumstances of this case.

In his timely appeal, Brown contends: (1) that equitable tolling applies in this case, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. Both parties have filed briefs.

As an initial matter, we will not review Brown's enumerated issues two and three. Regarding issue two, Supreme Court precedent makes it clear that courts should avoid unnecessary adjudication of constitutional issues. *Ashwander v. TVA, 297 U.S. 288, 347, 80 L. Ed. 688, 56 S. Ct. 466 (1936)* (Brandeis, J., concurring) ("If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Where a statutory or nonconstitutional basis [**4] exists for reaching a decision, as it does here, it is not necessary to reach the constitutional issue. *See, e.g., Montenegro v. United States, 248 F.3d 585, 595-96 (7th Cir. 2001)* (avoiding the question of the constitutionality of the statute of limitations of § 2255). The legal question embodied in

issue three is rendered moot by our finding below that Brown failed to file his § 2255 motion in a timely fashion.

We review de novo a district court's determination that a § 2255 motion was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 938 (6th Cir. 1999)* (a *28 U.S.C. § 2254* case). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner has one year to file a § 2255 motion. The one-year period runs from the latest of four possible starting markers, *see* § 2255(1)-(4); in this case, the relevant marker is the date on which Brown's judgment of conviction became final. For the purposes of the limitations period of § 2255, "a conviction becomes final at the conclusion of direct review." *Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001)* [**5] (citing *United States v. Torres, 211 F.3d 836, 839 (4th Cir. 2000)).* If a § 2255 movant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Id.* If a § 2255 movant has not taken a direct appeal, direct review is final upon the entry of the judgment of conviction, *see United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)* (citing *Torres, 211 F.3d at 837),* or ten days thereafter. *See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)* (stating that "if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")

The district court concluded that the one-year period in which Brown was required to seek § 2255 relief expired on June 9, 1999, ten days after the date the judgment was filed. Under *Sanders,* the [*375] statute of limitations began to run on June 2, 1998. Under *Kapral,* it began to [**6] run on June 12, 1998. With any of the possible starting points--or even with the ninety-day period for filing a petition for certiorari added to the ten day period for taking a direct appeal--Brown's motion was untimely.

The one-year limitations period of § 2255 is subject to equitable tolling. *Dunlap v. United States, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001).* If a district court determines as a matter of law that equitable tolling does not apply, this court reviews that decision de novo. *Id. at 1007 & n.2.* In determining whether equitable tolling of a limitations period is appropriate, a court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

20 Fed. Appx. 373, *; 2001 U.S. App. LEXIS 20939, **

remaining ignorant of the legal requirement for filing his claim." *Id. at 1008* (citing *Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).* Enumerated factor four, the prejudice-to-the-respondent factor, may only be considered if other factors [**7] of the test are met. *See Andrews, 851 F.2d at 151.*

Brown has failed to establish any basis for equitable tolling. Ineffective assistance from counsel does not apply in this context, because Brown possessed no right to counsel in the prosecution of a § 2255 motion. *See Pennsylvania v. Finley, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).* His ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, *see Dunlap, 250 F.3d at 1010,* and Brown offers no explanation for his failure to file during

this period. Ignorance of the limitations period does not toll the limitations period. *See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)* (in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law), *cert. denied, 528 U.S. 1197, 146 L. Ed. 2d 117, 120 S. Ct. 1262 (2000).* And finally, to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [**8] because Brown failed in his duty to monitor the status of his appeal. *See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)* (§ 2254 case), *cert. denied, 529 U.S. 1057, 146 L. Ed. 2d 467, 120 S. Ct. 1564 (2000).*

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.