UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID LEE NEELEY,
        Petitioner,               Case No. 1:02-CV-00520
                                                              Judge Weber
v                                                                 Magistrate Judge Black

HARRY RUSSELL,
        Respondent.

### PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

      On November 3, 2005 Petitioner, David Lee Neeley, filed a motion pursuant to Civ.R. 60(b)(6), requesting that the Court issue an ORDER relieving Petitioner the Clerk's Judgment (Doc. No. 25) entered in this action on March 24, 2005. On November 9, 2005, Respondent filed a Response to Petitioner's motion for relief from judgment. (Doc No. 29). Petitioner files the following reply memorandum in support of his motion.

                                                          s/Keith A. Yeazel

                                                          _____
                                                          Keith A. Yeazel (0041274)
                                                          65 South Fifth Street
                                                           Columbus, Ohio 43215
                                                           (614) 228-7005
                                                           Yeazel@Netwalk.com
                                                          Trial Attorney for Petitioner

# REPLY MEMORANDUM IN SUPPORT
# OF MOTION FOR RELIEF FROM JUDGMENT

**1.     Petitioner's motion is premised on Rule 60(b)(6) not 60(b)(1).**

Respondent contends that petitioner must make a showing of due diligence or excusable neglect to prevail on his motion for relief from judgment. (Doc. No. 29, p. 2). However, Petitioner does not need to establish either due diligence or excusable neglect as predicates for his motion.  Rule 60(b)(6) grants federal courts broad authority to relieve a party from final judgment "upon such terms as are just,"  provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988).

Here, Petitioner is seeking relief based on his prior counsel's inexcusable neglect. See, Fuller v. Quire, 916 F.2d 358, 361 (CA6 1990).   Relief premised upon the inexcusable neglect of one's prior counsel is only cognizable under clause (b)(6) of Fed.R.Civ.P. 60.  Conversely, relief premised upon due diligence or excusable neglect is only cognizable under clause (b)(1) of Rule 60.  As a result, Petitioner's motion is properly proceeding under clause (b)(6) and not clause (b)(1) of Rule 60. Therefore, Petitioner need not establish factual predicates of due diligence or excusable neglect to secure a right to relief from judgment.

## 2. A constitutional right to the effective assistance of counsel is not the quid pro quo for granting relief under Rule 60(b)(6) for counsel's inexcusable neglect.

Respondent argues since there is no constitutional right to counsel in federal habeas proceedings that prior counsel's failings cannot constitute the basis for granting relief under Rule 60(b). (Doc. No. 29, p. 2). Petitioner recognizes that an attorney's mistake which results in missing a filing deadline imposed by AEDPA is not a basis for equitable tolling. Elliot v. DeWitt, 10 Fed.Appx 311 (CA6 2001)(attached to Doc. No. 29). However, here prior counsel's mistake did not involve missing a deadline imposed by AEDPA. Rather the missed deadline related to timely filing a notice of appeal that is required in all civil cases under the Federal Rules of Appellate Procedure. Because the motion for relief from judgment does not substantively address federal grounds for setting aside Petitioner's state conviction AEDPA concerns are not implicated. See, Gonzalez v. Crosby, 125 S.Ct. 2641, 2648 (2005).

Moreover, Petitioner is not seeking relief under the judge-made doctrine of equitable tolling with all of its attendant diligence in pursuing one's rights requirements. Instead, Petitioner is seeking relief under the Federal Rules of Civil Procedure. Rule 60(b)(6) authorizes relief for civil litigants who are harmed by their own counsel's misconduct. See e.g., Link v. Wabash RR Co., 370 U.S. 626,

632 and 634 n. 10 (1962)(recognizing the remedies of malpractice actions and Rule 60(b)(6) motions for adverse judgments rendered as a consequence of inappropriate conduct by a party's own counsel). Thus, a constitutional right to the effective assistance of counsel is not a a necessary predicate for relief based on prior counsel's inexcusable neglect.

> **3. Petitioner's failure to file objections to the Report and Recommendation does not amount to a forfeiture of his right to appeal dismissal of the petition.**

Respondent claims that Neeley would not receive a merits determination on direct appeal because he failed to file objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 29, p. 4). Normally, a party must file objections to a Magistrate Judge's Report and Recommendation in order to preserve the right to appeal. Thomas v. Arn, 474 U.S. 140 (1985). Nonetheless, the requirement that a party lodge specific objections to a Magistrate Judge's Report and Recommendation is not jurisdictional and a failure to comply may be excused in the interest of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (CA6 1987).

In this case, prior counsel inexcusably failed to file objections to the report and recommendation. Nevertheless, the Court's Order adopting the Report and Recommendation (Doc. No. 24) granted a certificate of appealability with respect to the constitutional claims alleged in Ground One, Ground Two (1), (2), (3) and

(6), and Ground Three (1), (2) and (5) because reasonable jurists could debate whether those claims should have been resolved in a different manner and, alternatively whether the issues presented in those grounds are adequate to deserve encouragement to proceed further. It goes without saying that Petitioner set forth colorable claims since the Court granted a limited certificate of appealabilty. Had prior counsel merely done the minimum required by law Petitioner's claims covered by the certificate of appealabilty would have had timely appellate review. Due to: (1) prior counsel's inexcusable neglect and (2) the Court's recognition that some claims merit a certificate of appealabilty, the interests of justice are served by excusing the failure to comply with the <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (CA6 1981) rule. Under such circumstances, the failure to file objections to the Report and Recommendation should not amount to a forfeiture of the right to appeal dismissal of the petition.

> **4.     When Respondent invites the Court to require Neeley to file objections to the Report and Recommendation rather than grant him what amounts to a delayed appeal the Court should follow Respondent's suggestion.**

Respondent contends that "the proper relief would be to require Neeley to file objections to the Magistrate Judge's Report and Recommendation rather than grant him an appeal to the Sixth Circuit." (Doc. 29, p. 4). If the Court is of the

opinion that Petitioner as presented reasonable grounds under Rule 60(b)(6) for relief from judgment. And the Court is of the opinion that Respondent has invited the Court to require Neeley to file objections to the Report and Recommendation instead of granting him an appeal, Petitioner has no objection to such relief.

Wherefore, Petitioner respectfully requests that the Court issue an ORDER relieving Petitioner from the Clerk's Judgment (Doc. No. 25) entered in this action on March 24, 2005 and either permit him to file objections to the Report and Recommendation or as alternatively invited by Respondent to re-enter judgment so that Neeley may file a timely notice of appeal.

          Respectfully submitted,

          s/Keith A. Yeazel

          _____
          Keith A. Yeazel    (0041274)
          65 South Fifth Street
          Columbus, Ohio 43215
          (614) 228-7005
          Yeazel@netwalk.com
          Trial Attorney for Petitioner

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon:

Stuart A. Cole
Assistant Attorney General

Corrections Litigation
150 East Gay Street
16th Floor
Columbus, Ohio 43215

by utilizing the Court's CM/ECF system this 14th day of November, 2005.

s/Keith A. Yeazel

_____

Keith A. Yeazel
