IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE NEELEY, | : | |
| Petitioner, | : | CASE NO. C-1-02-520 |
| vs. | : | JUDGE WEBER |
| HARRY RUSSELL, WARDEN, | : | MAGISTRATE JUDGE BLACK |
| Respondent. | : | |

**PETITIONER'S OBJECTIONS TO REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

Pursuant to Fed.R.Civ.P. 72, Petitioner lodges specific objections to the proposed findings and recommendations of the Magistrate Judge filed December 30, 2005, for the reasons set forth in the accompanying memorandum.

s/ Keith A. Yeazel

_____
KEITH A. YEAZEL (0041274)
65 SOUTH FIFTH STREET
COLUMBUS, OHIO 43215
(614) 228-7005
yeazel@netwalk.com
TRIAL ATTORNEY FOR
PETITIONER

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

On December 30, 2005, Magistrate Judge Black filed a report and recommendation that:

1. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) be construed as a successive petition and be TRANSFERRED pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

2. Alternatively, pursuant to 28 U.S.C. § 2254 (i), petitioner's motion for relief from judgment (Doc. 27) should be DENIED.

3. A certificate of appealability should not issue with respect to any denial of petitioner's motion pursuant to section 2254(i) because petitioner has not made a substantial showing of the denial of a constitutional right remediable in this habeas corpus proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from any Order denying relief pursuant to section 22540) would not be taken in "good faith" and therefore deny petitioner leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir, 1997).

Petitioner objects to all of the Magistrate Judge's recommendations. and files specific objections to the proposed findings.

II. **STANDARD OF REVIEW**

Reconsideration of a magistrate's report and recommendation is governed by 28 U.S.C. §636(b)(1). According to its provisions, a judge may assign a magistrate the responsibility of making proposed findings of fact and recommending the disposition of certain "dispositive" motions, including motions for summary judgment. 28 U.S.C.

2

§636(b)(1)(B). Should a party object to these proposed findings and recommendations, the judge must make a de novo determination on the contested portions. 28 U.S.C. §636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 673-74(1980); Roland v. Johnson, 856 F.2d 764, 769 (6th Cir. 1988). Failure to do so constitutes reversible error. E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1102 (6th Cir. 1984). In conducting a de novo review, the judge is free to accept, reject, or modify any of the magistrate's findings and recommendations. 28 U.S.C. §636(b)(1); Raddatz, 447 U.S. at 673-74, 680. With the correct standard of review in mind, Petitioner now turns his attention to the merits of the specific objections

**III.   OBJECTIONS TO REPORT AND RECOMMENDATION**

    **A.   The Report and Recommendation incorrectly indicates that: pursuant to 28 U.S.C. § 2254 (i), petitioner's motion for relief from judgment (Doc. 27) should be denied.**

        **1.   § 2254 (i) does not provide the rule of decision with respect to Petitioner's Rule 60(b) motion**

The Report and Recommendation incorrectly relied on Post v. Bradshaw, 422 F.3d 419 (CA6 2005) to deny Neeley's Rule 60(b) motion. Specifically, Gonzalez v. Crosby, 125 S.Ct. 2641 (2005) contradicts Post's errant conclusion that 28 U.S.C. § 2254(i) bars all Rule 60(b) relief for movants who, like Neeley, target their own counsel's conduct. Gonzalez held that "Rule 60(b) has an unquestionably valid role to play in habeas cases."125 S. Ct. at 2649. Nothing epitomizes this validity more than remedying fraud, misleading actions, or misconduct by counsel for one of the parties — actions which

3

directly undermine the integrity of the proceedings and the soundness of the final judgment put at issue by the Rule 60(b) motion.

Gonzalez drew a critical distinction between Rule 60(b) motions that challenge matters deemed procedural and those that challenge substantive matters, holding that "[b]ecause petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition." 125 S.Ct. at 2648. Because Neeley's motion focuses on his counsel's failure to properly initiate an appeal as opposed to attacking the merits of the District Court's judgment, he is entitled to relief from that judgment.

Had Gonzalez meant to exclude from the reach of Rule 60(b) any and all conduct of a habeas petitioner's counsel, Justice Scalia, who authored the majority opinion, most certainly would have said so. He did not. Instead, after a detailed dissection of the interplay between the AEDPA and Rule 60(b) — which never once mentions § 2254(i) — this telling passage appears in a footnote:

> Fraud on the federal habeas court is one example of such a defect. See generally Rodriguez v. Mitchell, 252 F.3d 191, 199 (CA2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "related to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). *We note that an attack based on the movant's* own conduct, or *his habeas counsel's omissions*, see, e.g, supra, at 6, *ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.*

Id. at 2648 n. 5 (italics added). If Gonzalez meant to preclude all Rule 60(b) relief based on habeas petitioner's counsel — like Post wrongly held — this would have been the

4

place for a citation to § 2254(i). Gonzalez clearly contemplates relief (albeit out of the "ordinary") based on the conduct of petitioner's counsel.

Part one of the Post decision holds that § 2254(i) operates as a complete bar to Rule 60(b) motions premised on a habeas petitioner's counsel's conduct. If the Post decision about the § 2254(i) bar is correct then it is also in conflict with a previous panel decision in the case of Williams v. Meyer, 346 F.3d 607 (CA6 2003). In Meyer, the Sixth Circuit granted relief premised on a habeas petitioner's counsel's failure to timely file objections to a Report and Recommendation. No where in the Post decision is Meyer mentioned.

It is submitted that Meyer remains good law. This conclusion is reinforced by the fact that the Sixth Circuit favorably cited Meyer last week in the case of Burrell v. Henderson, ___F.3d ___, 2006 U.S. App. LEXIS 666, recommended for full-text publication, (Decided and Filed January 12, 2006). Because reported decisions are binding on subsequent panels, see, Sixth Cir. R. 206(c), only the Court sitting en banc may overrule published circuit precedent. See Cooper v. MRM Investment Co., 367 F.3d 493 (CA6 2004). As a result, Meyer remains good law.

Neeley's first habeas counsel's out-of-the-ordinary conduct presents just such a case for relief. His prior counsel neglected the case due to anxiety and depression. Prior habeas counsel's inaction constituted an abdication of counsel's duty to Neeley, apparently caused the default of Neeley's claims, and undermined the integrity of the

proceeding. It borders on the absurd to suppose, as does <u>Post</u>, that such egregious conduct has no remedy in habeas actions.

### 2. Application of § 2254(i) denies Petitioner a remedy available to other civil litigants.

Rule 60(b)(6) lies as a remedy for all other civil litigants harmed by their own counsel's misconduct. <u>See</u>  <u>Sullivan v. Coca-Cola Bottling Co.</u>, 2003 U.S. Dist. Lexis 4195 (S.D. Ohio 2003); <u>Valvoline Instant Oil Change Franchising. Inc. v. Autocare Associates,Inc.</u>, 1999 U.S. App. Lexis 1227 (6th Cir. 1999).  Applying <u>Post</u> and § 2254(i) to bar Rule 60(b) relief in Neeley's circumstances violates his constitutional rights to be treated fairly and equally as compared to all other civil litigants who face no such categorical bar to relief when they use Rule 60(b)(6) to target their counsels' misconduct.

In addition, other civil litigants have meaningful recourse to malpractice actions as another remedy for wrongs done by their counsel. See <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 632 and 634 n. 10 (1962) (recognizing the remedies of malpractice actions and Rule 60(6)(6) motions for judgments entered as a result of inappropriate conduct by a party's own counsel). Indigent habeas petitioners can find no meaningful remedy in a malpractice action litigated from prison.

### 3. Application of § 2254(i) denies Petitioner his due process right to litigate the inadequacy of his counsel yhrough a Rule 60(b) motion.

Petitioner Neeley has a due process right to litigate the inadequacy of his habeas counsel through his Rule 60(b) motion. As the Court noted in <u>Daniels v. United States</u>,

532 U.S. 374 (2001), § 2254(i) does not bar all relief based upon counsel's representation during habeas proceedings under other statutes and rules. In concurrence, Justice Scalia remarked that the Court "[has] left open the question whether such ineffective assistance can establish a constitutional violation" and that §§ 2254 and 2255 were not the appropriate vehicles for this type of relief. Daniels, 532 U.S. at 387 (Scalia, J., concurring). Justice Scalia noted a "possible gap in protection" due to a petitioner's inability to use §§ 2254 and 2255 to raise challenges based on petitioner's counsel's ineptitude, Id., saying that "[p]erhaps precepts of fundamental fairness inherent in `due process' suggest that a forum to litigate challenges like petitioner's must be made available somewhere for the odd case in which the challenge could not have been brought earlier." Id. at 386. The Court essentially provided a forum for such challenges in Gonzalez, which held that a Rule 60(b) motion is the proper avenue to challenge a "defect in the integrity of the federal habeas proceedings." 125 S. Ct. at 2648. Here, Neeley's first habeas counsel's misconduct decimated the integrity of his federal habeas proceedings by failing to insure that the final decision on the merits of the claims was a product of the adversarial process and subjecting that decision to appellate review.

### 4. Application of § 2254(i) operates to deny Petitioner his right to access the courts.

The evisceration of the adversarial equation and denying Neeley's due process right to meaningful habeas counsel, is compounded by the fact that inaction by Neeley's counsel operated to deny his constitutional right to access the courts — a right Post ignores.

Neeley is an indigent inmate. He has a constitutional right to access the courts. His first habeas counsel's nonfeasance blocked Neeley's constitutional right to access to the courts.

  Prisoners have a fundamental constitutional right of access to the courts, and they must be provided with "adequate law libraries or adequate assistance from persons trained in the law" to vindicate this right. Bounds v. Smith, 430 U.S. 817, 828 (1977). This right rests in the Fourteenth Amendment's guarantee of procedural and substantive due process. See Jackson v. Procunier, 789 F.2d 307, 310-11 (5th Cir. 1986); Green v. Warden, 699 F.2d 364, 369 (7th Cir. 1983); Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). States must "assure the indigent defendant an adequate opportunity to present [her or] his claims fairly." Bounds, 430 U.S. at 823 (quoting Ross v. Moffit, 417 U.S. 600, 616 (1974)). States must also "enable the prisoner to discover grievances, and to litigate effectively once in court." Lewis v. Casey, 518 U.S. 343, 354 (1996) (citing Bounds, 430 U.S. at 825-26 and n. 14. The right of access is applicable to civil and criminal, matters. Wolff v. McDonnell, 418 U.S. 539, 577-80 (1974). This should be no less is true when the Ohio Public Defender's office provides counsel for indigent capital habeas petitioners like Neeley. Neeley's first habeas counsel's misconduct created a barrier that blocked meaningful access to the courts by way of nonfeasance that led to default of his right to appeal. Under the circumstances, the Court should give Neeley a fair opportunity to effectuate his right to a review on the merits of his habeas claims. See, e.g. Baldayaque v. United States, 338 F.3d 145 (CA2 2003)(granting equitable tolling relief when an

attorney's abdication of the duties of representation result in the client's loss of the right to pursue habeas relief). The application of Post and §2254(i) to categorically block Neeley from any remedy for the wrongs done to him by first habeas counsel erects yet another barrier blocking Neeley's access to the courts.

     **5.    Rule 60(b) does not abridge, enlarge or modify substantive right, thus application of § 2254(i) does not provide the rule of decision.**

The language in § 2254(i) does not apply where, as here, the movant seeks relief from a federal judgment, not a from state court judgment. Neeley's motion did not advance as a ground for relief from the state court judgment the ineffectiveness of his first habeas counsel. He merely seeks relief from the federal judgment. If Neeley's 60(b) motion is granted he would have a chance to appeal the District Court's judgment. Neeley would not thereby gain any relief from the state conviction. Thus, using § 2254(i) to bar Neeley's Rule 60 (b) motion is not warranted.

   Under 28 U.S.C. § 2072(b) all laws in conflict with the Federal Civil Rules are of no force or effect. Here, since Neeley's 60(b) motion is not attacking a state court judgment but rather a federal court judgment. there is no conflict between § 2254(i) and Rule 60(b)  Because he is not seeking to extend federal jurisdiction over his habeas claims Rule 60(b) and not § 2254(i) provide the rule of decision.

In light of the above the Court should find under the circumstances presented § 2254(i) does not operate to bar Neeley's Rule 60(b)(6) motion.

**B.    The Report and Recommendation incorrectly indicates that: Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) be construed as a successive petition and be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).**

Petitioner's Rule 60(b) motion focuses on inexcusable neglect by his first habeas counsel. That motion does not seek to add or supplement any ground for relief asserted in his Petition. See Gonzalez, 125 S. Ct. at 2651 ("We hold that a Rule 60(b)(6) motion in a §2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to §2244(6)(3)."). The difference between a second or subsequent habeas petition and a Rule 60 (b) motion is defined by the relief that the applicant seeks. See Abdur'Rahman v. Bell, 537 U.S. 88 (2002)(Stevens, J. dissenting from the dismissal of certiorari as inprovidently granted). As a result, Neeley's motion falls outside the reach of 28 U.S.C. § 2254(i), which bars only grounds for relief [from a state court judgment] based on the ineffectiveness or incompetence of collateral counsel.

Here, Neeley's 60(b) motion concerns the failure of former habeas counsel to timely act on his behalf in habeas proceedings. When attacking "not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the

10

federal habeas proceedings," a 60(b) motion cannot be characterized as advancing a habeas claim. Gonzalez, 125 S. Ct at 2648 (footnote omitted). Thus, determining whether to revisit the denial of habeas relief in Neeley's case does not affect the underlying state court judgment. Instead, the instant 60(b) motion addressed the "nonmerits aspect of the first federal habeas proceeding" See Gonzalez, Id. Therefore the motion is not barred by the second or successive habeas petition restrictions found in 28 U.S.C. § 2244.

> **C.     The Report and Recommendation incorrectly indicates that: A certificate of appealability should not issue with respect to any denial of petitioner's motion pursuant to section 2254(i) because petitioner has not made a substantial showing of the denial of a constitutional right remediable in this habeas corpus proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).**

On its face, the certificate of appealabilty requirement contained in 28 U.S.C. § 2253 does not apply to a final entry denying a Rule 60(b) motion such as Neeley's. The first section of 28 U.S.C. § 2253 limits its application to a "final order" in a habeas corpus proceeding. 28 U.S.C. § 2253(a). What that statute means by a "final order" is further defined and limited when it says, in § 2253(c)(1)(A), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Mr. Neeley's Rule 60(b) motion complained of his first counsel's inexcusable neglect, not the State court detention. Thus, on its face, 28 U.S.C. § 2253's certificate of appealability ("COA") requirement does not apply to Neeley. Therefore, Petitioner requests that the Court issue a ruling declaring that he need

11

not procure a COA before appealing a denial of his Rule 60(b) motion.

In the alternative, Neeley asks this Court to issue a COA based on the following passage in Gonzalez v. Crosby, 125 S. Ct. 2641, 2649-50 (2005) (Italics added):

> Moreover, several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an avalanche of frivolous postjudgment motions.... Third, Rule 60(b) proceedings are subject to only limited and deferential appellate review. Browder v. Director, Dept of Corrections, 434 U.S. 257, 263, n. 7, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978). Many Courts of Appeals have construed 28 U.S.C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion. n7
>
> N7 See Reid v. Angelone, 369 F.3d 363, 369, n. 2 (CA4 2004) (citing cases); 366 F.3d 1253, 1263 (CA11 2004) (case below); cf. Langford v. Day, 134 F.3d 1381, 1382 (CA9 1998) (before AEDPA, a certificate of probable cause was a prerequisite to appealing the denial of a 60(b) motion in a habeas case); Reid, supra, at 368 (same). But see Dunn v. Cockrell, 302 F.3d 491, 492 (CA5 2002); 366 F.3d at 1298-1300 (Tjoflat, J., specially concurring in part and dissenting in part). *Although we do not decide in this case whether this construction of § 2253 is correct (the Eleventh Circuit granted petitioner a COA), the COA requirement appears to be a more plausible and effective screening requirement, with sounder basis in the statute, than the near-absolute bar imposed here by the Court of Appeals.*

Thus, Neeley requests, in the alternative, a COA be issued lest he be faulted if some later decision gives the passage in Gonzalez the force of law in the Sixth Circuit.

       **D.**    **The Report and Recommendation incorrectly indicates that: the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from any Order denying relief pursuant to section 2254(i) would not be taken in "good faith" and therefore deny petitioner leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir, 1997).**

If a COA is required, the Court has jurisdiction to issue one pursuant to 28 U.S.C. §

1291 and § 2253. See also Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063, 1073 (6th Cit. 1997) (the District Court should rule on the COA request in the first instance). A COA should issue because "reasonable jurists could debate whether the petition [or, in Neeley's case, the 60(b) motion) should have been resolved in a different manner or that issues presented were `adequate to deserve encouragement to proceed further.' Slack v. McDaniel, 529 U.S. 473, 485 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 894 (1983)). Petitioner need only "demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims [or, in this case, his Rule 60(b) motion] debatable or wrong." Id. It is submitted that since Neeley surpasses this minimum threshold for the issuance of a COA his appeal would be taken in good faith and he would be entitled to proceed in forma pauperis.

Specifically, a COA should be granted on the following issue:

**Whether Neeley's Rule 60(b) motion was improperly denied.**

Neeley presented facts in his Rule 60(b) motion proving that the inexcusable neglect of his first habeas counsel undermined the integrity of the habeas proceedings. Although clients are held liable for the acts and omissions of their counsel, see e.g. United States v. Reyes, 307 F.3d 451 (CA6 2002), the Sixth Circuit , "like many others has been extremely reluctant to uphold dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his day in court." see Buck v. United States Dep't of Agriculture, 960 F.2d 603, 608 (CA6

13

1992). At bare minimum, reasonable jurists could disagree with the Report and Recommendation's denial of Rule 60(b) relief.

Moreover, many of the same issues the Court is dealing with here are the subject of a pending appeal in the case of Lott v. Bagley, Sixth Circuit Case No. 05-4336. As such Neeley is proceeding in good faith and his arguments deserve further review on appeal.

## IV.   CONCLUSION

In light of the arguments presented above Petitioner respectfully requests that the Court not adopt the Magistrate Judge's report and recommendation in toto. Instead, the Court should issue an ORDER relieving Petitioner from the Clerk's Judgment (Doc. No. 25) entered in this action on March 24, 2005 and permit him to file objections to the Initial Report and Recommendation (Doc. No. 23) or, alternatively, re-enter judgment so that he may file a timely notice of appeal or, alternatively, issue a COA and permit him to proceed in forma pauperis.

Respectfully submitted,

s/ Keith A. Yeazel

_____
Keith A. Yeazel  (0041274)
65 South Fifth Street
Columbus, Ohio 43215
(614) 228-7005
yeazel@netwalk.com

Trial Attorney for Petitioner David Lee Neeley

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Petitioner's Objections to Report and Recommendation of Magistrate Judge" was served upon:

Stuart A. Cole
Assistant Attorney General
Corrections Litigation Section
16th Floor
150 East Gay Street
Columbus, Ohio 43215

by utilizing the CM/ECF system, this 17th day of January, 2005.

                                            s/ Keith A. Yeazel
                                            _____
                                            Keith A. Yeazel