UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID LEE NEELEY,

        Petitioner

   v.                                C-1-02-520

HARRY M. RUSSELL,

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on Petitioner's Motion for Relief from Judgment (doc. no. 27). The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 32) recommending that the Petitioner's Motion for Relief from Judgment be construed as a successive petition and be transferred to the United States Court of Appeals for the Sixth Circuit. Petitioner has filed objections thereto (doc. no. 34).

2

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, sought with the assistance of counsel a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 23, 2004, the undersigned U.S. Magistrate Judge issued a Report and Recommendation setting forth an adjudication of petitioner's claims on the merits, recommending the denial of habeas corpus relief, the issuance of a certificate of appealability with respect to some of petitioner's claims and the granting of indigency status upon a showing of financial eligibility. (Doc. 23). On March 24, 2005, this Court issued an Order adopting the Report and Recommendation. (Doc. 24).

Pursuant to the District Court's November 16, 2005 Order of Reference, this matter is now before the undersigned Magistrate Judge for ruling on petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 27), respondent's opposition (Doc. 29), and petitioner's reply (Doc. 30).

> Fed. R. Civ. P. 60(b) provides in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. The motions shall be made within a

3

>reasonable time, and for reason (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court.

Petitioner brings his motion under Fed. R. Civ. P. 60(b)(6), based on his counsel's inexcusable neglect in failing to file a timely notice of appeal. (Doc. 27). Through an affidavit attached to the motion, petitioner's prior counsel asserts that he does not recall receiving the Report and Recommendation electronically, that he did not file any objections to it, and never notified petitioner that the Report and Recommendation had been issued. (Doc. 27-2 at ¶ 2). Petitioner's counsel acknowledged that he received a copy of the Order adopting the Report and Recommendation, failed to file a notice of appeal even though he believed the claims had merit, and neglected to inform petitioner that a judgment had been rendered against him. (*Id.* at para 3). Petitioner's counsel attributes his omissions to depression and anxiety for which he is currently under treatment. (*Id.* at ¶¶ 5-7).

The Federal Rules of Civil Procedure do not extend federal jurisdiction, but rather implement the exercise of federal jurisdiction established by statute. *See Edwards v. E.I. Du Pont De Nemours & Co.* 181 F.2d 165, 168 (5th Cir. 1950). In this case, jurisdiction is predicated on the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254. *See Post v. Bradshaw,* 422 F.3d 419, 424 (6th Cir. 2005). When the AEDPA conflicts with Rule 60(b) of the Federal

4

Rules of Civil Procedure, the AEDPA controls. *Post,* 422 F.3d at 424 (citing *Gonzalez v. Crosby,* 125 S.Ct. 2641, 2646 (2005)).

28 U.S.C. § 2254 (i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." This provision "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings." 422 F.3d at 423. The relief barred by the provision is not limited to a writ of habeas corpus, but includes relief from judgment in a habeas corpus proceeding. *Id.*

The ground on which petitioner seeks relief is the incompetent or ineffective representation he received during this federal post-conviction proceeding, specifically counsel's failure timely to file objections and an appeal. Because relief on that ground is not permitted under the AEDPA, this Court is without power to entertain petitioner's motion. *Cf. Post,* 422 F.3d 419 (Fed. R. Civ. P. 60(b) motion based on counsel's failure to conduct discovery in habeas corpus proceeding disallowed because of section 2254(i)'s prohibition against granting relief based upon incompetence of counsel in post-conviction proceedings); *Cooey v. Bradshaw,* No. 5:96cv797, 2005 WL 1965966 at *7 (N.D. Ohio Aug. 11, 2005).

5

A separate issue arising in this case is whether or not petitioner's motion for relief from judgment constitutes a successive habeas corpus petition which must be authorized for consideration by the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3). In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the United States Supreme Court clarified the circumstances under which a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) constitutes a successive petition under the AEDPA. Under *Gonzalez,* a Rule 60(b) motion which seeks to add a new ground for relief from the state conviction or attacks the federal court's disposition of a claim on the merits is considered equivalent to a habeas corpus application and therefore subject to the AEDPA provisions concerning successive petitions. 125 S. Ct. at 2646-2648.

"On the merits" denotes a determination that grounds for habeas corpus relief exist or are absent. *Post,* 422 F.3d at 424 (citing *Gonzalez,* 125 S. Ct. at 2648 n. 4). When the motion challenges a previous ruling which precluded a merits review, such as a ruling based on failure to exhaust, procedural default, or the expiration of the statute of limitations, that motion is not considered a successive petition. *Id.*

A "true" Rule 60 (b) motion merely attacks a defect in the integrity of the habeas proceeding. *In re Bowling*, 422 F.3d 434, 439 (6th Cir. 2005) (citing *Gonzalez,* 125 S.Ct. at 2648). Fraud is an example of a defect involving the integrity of the proceedings; however, a challenge based on a movant's or his

6

habeas counsel's conduct "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 125 S.Ct. at 2648 n.5.

In this case, petitioner is asking the Court to reopen a decision that was based on a merits review of petitioner's grounds for relief so that petitioner can file objections and pursue his appeal to the Sixth Circuit. "It makes no difference that the motion itself does not attack the district court's substantive analysis of th[e] claims." *Post,* 422 F.3d at 424. Moreover, as noted by the Court of Appeals in *Gonzalez*, counsel's omissions do not constitute a defect in the integrity of the proceedings which would allow the motion to go forward for disposition in the district court. Accordingly, the undersigned finds that petitioner's Rule 60(b) motion amounts to a successive petition within the meaning of *Gonzalez*, and is therefore subject to the provisions of the AEDPA.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See Bowling*, 422 F.3d at 440; *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)).

7
## CONCLUSION

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that petitioner's Motion for Relief from Judgment is a successive Petition.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Recommendation dated February 27, 2006.

Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) is construed as a successive petition and is **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the Motion for Relief from Judgment in accordance with 28 U.S.C. § 2244(b).

**IT IS SO ORDERED.**

                                             s/Herman J. Weber
                                       Herman J. Weber, Senior Judge
                                       United States District Court